UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)
------------------------------------------------------------X
In re:

1499 Fulton Realty LLC,

                                                        Case No.: 25-44448-jmm
                                                         (Chapter 7)

                   Debtor.
------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY

Ross Eisenberg, Esq. an attorney duly admitted to practice before this Court, affirms under penalties of perjury as follows:

1. I am an associate at Berg & David PLLC, the attorney of record for Radharani Properties LLC (the "Secured Creditor" or the "Movant"). I have reviewed the file maintained by my office and am familiar with the facts and proceedings contained herein.

2. I submit this affirmation in support of the Secured Creditor's motion for an Order (i) pursuant to 11 U.S.C. 362(d)(4)(A), for in rem relief from the automatic stay with respect to the real property described as 1499 Fulton Ave. Brooklyn, N.Y and 174-22 125th Ave. Jamaica N.Y. 11434.; (ii) pursuant to 11 U.S.C. §362(d)(1) & (2) for relief from the automatic stay for cause; (iii) pursuant to F.R.B.P. 4001(a)(3), granting waiver of the 14 day stay; (iv) for such other and further relief as is just and proper so that Radharani Properties LLC can foreclose the mortgage it holds on the premises at 1499 Fulton Ave. Brooklyn, N.Y. and 174-22 125th Ave. Jamaica N.Y. 11434 (the "Property"). A copy of the proposed Order is annexed hereto as Exhibit "A".

3. On October 17, 2018 a Note (the "Note") evidencing a debt of $1,862,000.00 was executed by 1499 Fulton Ave. LLC (the "Borrower") in favor of Hershiser Capital Finance. Borrower executed a mortgage in favor of Hershiser Capital Finance (the "Mortgage"). The Mortgage was duly recorded in the Office of the Kings County Clerk on October 9, 2019 at CRFN:

2019000254292. Copies of the Note, Mortgage and Assignments of mortgage are collectively annexed hereto as Exhibit "B".

4. Said mortgage constitutes a lien on the real property and premises commonly known as 1499 Fulton Street. Brooklyn N.Y. 11216 and 174-22 125th Ave. Jamaica N.Y. 11434.

5. The Borrower became delinquent under the terms of the Note and Mortgage, and a commercial mortgage foreclosure action was commenced in the Supreme Court of the State of New York, Kings County under Index Number 500539/2020. A Judgment of Foreclosure and Sale (the "JFS") was entered on September 30, 2024. A copy of the JFS is annexed hereto as Exhibit "C".

6. Following the entry of the JFS, movant scheduled a foreclosure sale on February 13, 2025. On January 31, 2025, Michael Smith, the principal of the Debtor filed a Chapter 13 bankruptcy case which forced the cancellation of the scheduled sale. On April 29, 2025 the first bankruptcy case was dismissed. The Movant scheduled a foreclosure sale for September 18, 2025. On September 17, 2025 the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.  The instant case was filed as a barebones and deficient petition.

7. A copy of the PACER Docket for the previous bankruptcy filing is annexed hereto as Exhibit "D".

8. The instant petition is nothing more than a stall tactic to delay, hinder, and frustrate Movant in exercising its foreclosure rights.

**CREDITOR IS ENTITLED TO IN REM**

**RELIEF PURSUANT TO 11 U.S.C. 362(d)(4)(A)**

9. Pursuant to 11 U.S. C. § 3 62( d)( 4 ), courts are empowered to-grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any party

with a claimed interest in the property will not operate as an automatic stay for a period of two years. See, e.g., In re *Wilke*, 429 B.R. 916, 922 (Bankcr. N.D. Ill. 2010); In re *Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); In re *Montalvo*, 416 B.R. 381,387 (Bankr. E.D.N.Y. 2009). Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." In re *Selinsky*, 365 B.R. 260, 264 (Bankcr. S.D.Fla. 2007); see In re *Roeben*, 294B.R. 840, 846 (Bankr. E.D.Ark. 2003).

10. To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property. See In re *First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. See, e.g., *Blair*, 2009 WL 5203738 at *4, citing *Montalvo*, 416 B.R. at 38

11. Accordingly, due to the previous bankruptcy filing by the principal of the debtor immediately prior to scheduled foreclosure sale, and the instant bankruptcy filing, Movant is irrefutably entitled to in rem relief from this and any further bankruptcy filings with respect to the Property for a period of at least two years pursuant to 11 U.S.C. §362(d)(4)(B). The Debtor never had any intention of curing the default of the Borrower through Bankruptcy.

### THE AUTOMATIC STAY MUST BE VACATED

12. On January 31, 2025 a voluntary petition under Chapter 13 of the United States Bankruptcy Code was filed and entered by Michael Smith. This is the second bankruptcy filing

orchestrated by Michael Smith to invoke the stay provisions of the Bankruptcy Code § 362(a). After crediting the Borrower for all contractual payments received, the Borrower is due for its December 1, 2018 payment.

13. At no time were arrears on the Note and Mortgage being cured through bankruptcy proceedings and Movant is not receiving adequate protection payments.

14. The payoff due to Movant at petition filing was approximately $4,329,908.48. The current market value of the properties is approximately $2,250,000.00. A copy of the Broker Price Opinions are annexed hereto as Exhibit "E".

15. Based upon the foregoing, Movant respectfully requests an Order granting relief from the automatic stay permitting Movant to proceed with its state court foreclosure action.

16. The Bankruptcy Code at 11 U.S.C. § 362(d) provides for circumstances under which the court shall provide relief from the automatic stay. The grounds for relief are as follows:

On request of a part in interest and after notice and a hearing, the court shall grant

relief from the stay provided under subsection (a) of this section, such as by

terminating, annulling modifying or conditioning such stay—

(1) for cause, including the lack of Adequate protection of an interest in

property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) this

section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (d)(2). Two initial points relating to the above sections

of the Bankruptcy Code are that Section 362(d) is a mandatory, not permissive,

provision and the grounds for relief from stay presented in subsection (1) and (2) are disjunctive. In re *Zeoli*, 249 B.R. 61 (Bankr. S.D.N.Y. 2000). "Thus if any on subsection applies, the Court must grant a motion for relief from automatic stay." Id. At 63.

17. A debtor's failure to make regular payments as they become due constitutes cause for relief from the automatic stay. In re *Lord*, 325 B.R.121, 129 (Bankr. S.D.N.Y. 2011); In re *Thomas*, 2017 WL 123746 (Bankr S.D.N.Y. January 5, 2017); In re *Kornhauser*, 184 B.R. 425 428 (Bk. Ct. S.D.N.Y. 1995). As provided in 11 U.S.C. § 362(d)(1), the court shall grant relief from the automatic stay "for cause, including lack of adequate protection of an interest in property." Due to the Debtor's default in post-petition payments, relief from the automatic stay should be granted under Bankruptcy Code § 362(d)(1). The debtor has failed to make payments resulting in a lack of adequate protection for Movant. Once cause exists is the debtor's burden to show that Movant's interest in the property is adequately protected. See 11 U.S.C. § 362(g); In re *Davenport*, 43 B.R. 103 (Bankr. S.D.N.Y. 1984). Failure to make payments is a default under the contract and constitutes cause for termination of the stay to allow creditor to protect its interests in the depreciating property.

18. As provided in 11 U.S.C. § 362(d)(2), relief from the automatic stay shall be granted if the Debtor has minimal equity in the property and the property would not contribute to the Debtor's effective reorganization. This motion demonstrates the validity of Movant's security interest and that there is insufficient equity to cover the cost of sale and fully satisfy Movant's lien or to provide adequate protection to Movant. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## MOVANT IS ENTITLED TO A WAIVER OF THE STAY PROVISION OF FEDERAL

## RULE OF BANKRUPTCY PROCEDURE 4001(a)(3)

19. Fed R. Bank. P. 4001(a)(3) provides that "any order granting movant relief from an automatic stay….is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise."

20. Provided the history of the Debtor and its principal's previous bankruptcy filings, there is no legitimate reason to extend the stay any longer. Therefore, Movant is entitled to a waiver of the stay provision of Fed. R. Bankr. P 4001(a)(3).

WHEREFORE, Radharani Properties LLC respectfully requests that the Court make and enter its Order terminating the automatic stay as to Movant with respect to the Property including but not limited to selling the same and applying the proceeds of sale to the obligations of debtor to Movant, and for such and further relief as the Court deems proper.

Dated: November 17, 2025
     Inwood, N.Y.                                    */s/ Ross Eisenberg*
                                                   Ross Eisenberg